IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KYLE C. McLAUGHLIN,

                      Plaintiff,                  OPINION AND ORDER

v.

                                                     14-cv-852-wmc

STATE OF WISCONSIN,
BROWN COUNTY, CIRCUIT COURT
BRANCH 8,

                      Defendants.

---

The State of Wisconsin originally filed this action in the Circuit Court for Brown County, Wisconsin, alleging that Kyle C. McLaughlin violated state criminal statutes in connection with a hit-and-run incident that caused injury to another. *See State v. McLaughlin*, Brown County County Case No. 2014CF1429. The State also charged McLaughlin with reckless driving causing bodily harm in that case. Alleging that the Brown County Circuit Court lacks jurisdiction over him and that he has been denied sufficient process, McLaughlin has filed a pleading entitled "Habeas Corpus in the Form of an Affidavit Challenging Jurisdiction and Notice of Removal to Federal Court." Because McLaughlin either seeks to remove his criminal prosecution to federal court or to challenge it before final disposition in state court, this case will be summarily remanded to state court.

OPINION

A criminal prosecution that is initiated in state court may be removed to federal court only in limited circumstances. See 28 U.S.C. § 1442 (authorizing removal of state

criminal prosecutions against federal officers or officials); 28 U.S.C. § 1442a (authorizing removal of state criminal prosecutions against members of the United States armed forces); 28 U.S.C. § 1443 (authorizing removal of a state criminal prosecution that denies the defendant's right to raise a federal claim based on racial inequality). *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Because McLaughlin fails to satisfy any of the requirements for removal, this case must be remanded to state court.

Similarly, to the extent that McLaughlin seeks habeas corpus relief, his petition must be dismissed because it is evident that he has not exhausted available state court remedies with respect to his claims. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490-91 (1973). A federal court cannot otherwise interfere with ongoing state criminal prosecutions under the long-standing policy of abstention outlined in *Younger v. Harris*, 401 U.S. 37 (1971). Therefore, this case must be dismissed.

ORDER

IT IS ORDERED that this case is REMANDED to the Circuit Court for Brown County, Wisconsin. Alternatively, this case is DISMISSED without prejudice. The clerk of court is directed to close this case and return the record to the state court.

Entered this 23rd day of December, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge